### Robert Gordon v. S. Jennie Sorg, et al.

#### Gen. No. 11,035.

1. CHANGE OF OWNERSHIP—*cannot be shown for the first time in the Appellate Court.* A change of ownership in the premises involved in a proceeding since the decree in the trial court cannot be shown by affidavits filed in the Appellate Court.

2. WRIT OF ERROR—*within what time, may be sued out to review mechanic's lien decree.* Such a writ may be sued out in such a case at any time within five years after the entry of the final decree.

Mechanic's lien proceeding. Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed April 12, 1904.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

H. H. C. MILLER and W. S. OPPENHEIM, for defendants in error S. Jennie Sorg, et al.

FRED H. ATWOOD, FRANK B. PEASE, CHARLES O. LOUCKS and LOUIS B. DORR, for defendants in error Lowden and Ilett; H. STUART DERBY, of counsel.

W. P. THORNTON, for defendant in error Albert H. Hettich; S. A. HARPER, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

The record in this case was before the Supreme Court in Crandall v. Sorg, 198 Ill. 48, where the facts and the law applicable to them are fully stated. Paul J. Sorg, the appellee in that case, has since died, and his grantees, S. Jennie Sorg, Paul F. Sorg, and Ada G. Sorg, have taken his place in the litigation, and are here defendants in error. J. B. Simpson, G. P. Simpson and Joseph Simpson, copartners as Simpson Brothers, A. H. Lowden, William Ilett and Albert H. Hettich, the other defendants in error, and Robert Gordon, plaintiff in error, were all made defendants to the bill of complaint of Paul J. Sorg as claimants of mechanic's liens upon the premises owned by Sorg, and filed their several cross-bills in assertion of their liens. As appears from Crandall v. Sorg, *supra,* both the Circuit Court and the Appellate Court decided adversely to the mechanic's lien claimants, who, relying upon the adjudication by the Supreme Court of all questions involved, now ask this court to reverse the decree of the Circuit Court as was done by the Supreme Court in the Crandall case.

The only question for our determination arises upon the motion of the Sorgs to dismiss the present writ of error upon two grounds:

First. That at the time of the entry of the decree by the

Circuit Court they were the owners and in possession of the property in controversy, and Paul J. Sorg, the original complainant, had no right, title or interest in or to the property, and that therefore the decree could not affect the rights of his grantees to the premises. The decree of the Circuit Court was entered June 30, 1900. By an affidavit filed in this court it is sought to show that Paul J. Sorg conveyed the premises in question to S. Jennie Sorg, Paul F. Sorg, and Ada G. Sorg, part of the present defendants in error, on April 12, 1900, by his deed of that date; that ever since, the grantees in the deed have been in possession of the premises, and that Paul J. Sorg has had no title or interest therein since the date of the deed. Conceding what is contended by counsel for the grantees, that no decree can be entered in favor of a party who is not the legal or equitable owner of the property in controversy (a point we do not decide), still the motion to dismiss the writ of error cannot be granted on that ground. The fact of change of ownership does not appear by the record of the Circuit Court. It is sought to be shown by an affidavit filed in this court. That cannot be done. Joyce v. Harding, 208 Ill. 77. There the court say : " We cannot consider affidavits filed in this court for the purpose of determining whether or not some fact exists which will show that the court below erred." .

Second. The other ground urged in support of the motion is that a writ of error will not lie after the lapse of two years from a decree denying the right to a mechanic's lien. The case of Bank v. Jenkins, 104 Ill. 143, cited by counsel in that behalf, is not in point. We know of no reason why the statutory time of five years during which a writ of error may be sued out "from all final judgments, orders and decrees," (section 68 of the Practice Act) should not be held to apply to a decree of this character.

The motion to dismiss the writ of error will be denied.

The decree of the Circuit Court will be reversed and the cause remanded to that court with directions to overrule the recommendations of the master that a decree be entered in favor of the complainant on the ground that no mechan-

ic's liens should attach to his title, and to proceed to consider and dispose of the question of the validity of the alleged mechanic's liens of Robert Gordon, plaintiff in error, J. B. Simpson, G. F. Simpson, and Joseph Simpson, copartners, etc., A. H. Lowden, William Ilett, and Albert H. Hettich, defendants in error.

*Reversed and remanded.*